## UNITED STATES DISTRICT COURT
## IN THE WESTERN DISTRICT OF MICHIGAN

PATRICK NICHOLS,

      *Plaintiff,*

v.

NICHOLAS YODER; NICK'S FLYING
SERVICE   INC.;   NUTRIEN   AG
SOLUTIONS     INC.;     SCOTT
SIMINGTON; SUSAN KAY OLDS; and
THE RONALD E. OLDS AND SUSAN
K. OLDS FAMILY LIVING TRUST,

      *Defendants.*

Case No.: 1:25-cv-00359

Hon.

---

**Marc J. Mendelson (P52798)**
**Robert S. Silverman (P53626)**
**Madeline M. Sinkovich (P82846)**
Mike Morse Law Firm
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, MI 48075
Madeline.sinkovich@855mikewins.com
Marnie.munoz@855mikewins.com

---

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

      NOW COMES Plaintiff, Patrick Nichols, by and through counsel, the Mike

Morse Law Firm, and for his complaint against the above-named Defendants, Nick

Yoder, Nick's Flying Service Inc., Nutrien AG Solutions Inc., Scott Simington,

Susan Kay Olds, and Ronald E. Olds and Susan K. Olds Family Living Trust, states as follows:

## JURISDICTION AND VENUE

1.    This is a personal injury action in which the Plaintiff seeks relief for injuries suffered when Plaintiff was aerially sprayed with dangerous pesticide chemicals.

2.    Jurisdiction of this Court is found upon 28 U.S.C. § 1332 as an action between citizens of different states and where the matter in controversy exceeds $75,000,000.00.

3.    The events that give rise to this lawsuit took place in Branch County Michigan, which is in the Western District of the State of Michigan.

4.    Venue is appropriate in the Western District of Michigan pursuant to 28 U.S.C. § 1391(b)(2) because and the events that give rise to the lawsuit took place in Branch County, Michigan.

## PARTIES

5.    Plaintiff, Patrick Nichols, is a citizen of the United States and a resident of the State of Michigan.

6.    Defendant, Nicholas ("Nick") Yoder, was at all pertinent times a citizen of the United States and a resident of the State of Indiana.

7.     Defendant, Nick's Flying Service Inc. is an Indiana-based pesticide applicator licensed by and doing business in the State of Michigan.

8.     Defendant Nutrien AG Solutions, Inc. is a Michigan-based crop services business and a licensed pesticide applicator in the State of Michigan. Defendant Nutrien AG Solutions contracted with Defendants Nick Yoder and Nick's Flyer Services to apply pesticides on Michigan properties.

9.     Defendant, Scott Simington, is the owner and/or agent of the owner of the property at 865 Marshall Road, Coldwater, Michigan and contracted with Nutrien AG Solutions Inc. to aerially spray pesticides on the property.

10.    Defendant, Susan Kay Olds, is the owner of the property at 865 Marshall Road, Coldwater, Michigan and contracted with Nutrien AG Solutions Inc. to aerially spray pesticides on the property.

11.    Defendant, the Ronald E. Olds and Susan K. Olds Family Living Trust, is a trust established and operating pursuant to the laws of Michigan, is also the owner of the property at 865 Marshall Road, Coldwater, Michigan and contracted with Nutrien AG Solutions Inc. to aerially spray pesticides on the property.

## STATEMENT OF FACTS

12.    On August 3, 2023, Plaintiff Patrick Nichols, in the course and scope of employment with Barton Malow, was installing solar panels for DTE at 1160

Burlington Road in Union Township, located in Branch County, in the State of Michigan.

13.    While Mr. Nichols was in the field installing the solar panels, a plane flown by Defendant Nick Yoder and owned by Defendant Nick's Flying Services flew over the field and began spraying chemicals over Mr. Nichols and his colleagues.

14.    Specifically, Defendant Yoder aerially sprayed the pesticide chemicals Miravis Neo and Tombstone Insecticide on Mr. Nichols. The labels for both chemicals indicate severe risks to humans including serious injury or death if inhaled or swallowed.

15.    Defendant Yoder was significantly off course from where he was hired to spray pesticide chemicals.

16.    Defendant Yoder was not hired to apply pesticides over the property where Mr. Nichols was working.

17.    Defendant Yoder flew the aircraft over the field where Mr. Nichols was working.

18.    Defendant Yoder knew there were individuals in the area where he was actively spraying chemicals.

19.    Defendant Yoder sprayed chemicals over where Mr. Nichols and the other people were working on the ground below in a nearby field.

4

20.   Defendant Yoder misapplied the pesticide chemicals in such a manner that caused chemicals to fall onto the property where Mr. Nichols was working and contaminated his person with dangerous pesticide chemicals.

21.   Defendant Yoder failed to follow the application instructions on the label of the pesticide and misapplied the pesticide under improper weather conditions in a location where humans were working outside.

22.   The Michigan Department of Agriculture and Rural Development investigated this incident and found Defendant Nick Yoder violated state regulations related to the aerial spraying of pesticides.

23.   Defendant Yoder and Defendant Nick's Flying Services had previously violated State of Michigan standards and regulations for the aerial application of pesticide chemicals.

24.   The aerial spraying of pesticide chemicals is an inherently dangerous activity.

25.   Defendant Yoder and Defendant Nick's Flyer Services Inc. were grossly negligent in the performance of an inherently dangerous activity.

26.   Defendant Nutrien AG Solutions Inc. contracted with Defendant Yoder and Defendant Nick's Flying Services Inc and contributed to Plaintiff's injuries.

27.   Defendants Scott Simington, Susan Kay Olds, and the Ronald E. Olds and Susan K. Olds Family Living Trust, negligently contracted with Defendant

5

Nutrien AG Solutions Inc., Defendant Yoder, and Defendant Nick's Flying Services Inc. for the performance of an inherently dangerous activity.

28.    As a result of Defendants' negligent conduct, Mr. Nichols was sprayed with dangerous pesticide chemicals and suffered a severe chemical reaction and developed significant and permanent respiratory medical conditions, including but not limited to dysfunctional breathing, severe asthma, restrictive airway breathing, and frequent use of an inhaler, nebulizer, and steroid treatment.

### COUNT I
### NEGLIGENCE AND GROSS NEGLIGENCE
### AGAINST DEFENDANT NICK YODER

29.    Plaintiff incorporates herein all the prior allegations.

30.    Defendant Nick Yoder owed a duty to Plaintiff to properly apply the pesticides in a manner that conformed to applicable laws and industry standards and in a manner which was safe to the neighboring properties and people on the ground.

31.    Defendant Nick Yoder owed a duty to Plaintiff to exercise reasonable care to protect him from dangers associated with aerial application of chemical pesticides of which Defendant knew or reasonably should have known.

32.    Defendant Nick Yoder failed to use reasonable care in the application of pesticide chemicals and the disposal of the pesticide, thereby spraying the pesticides on Plaintiff and improperly applying pesticides such that they drifted onto Plaintiff and his colleagues.

33.    Defendant Nick Yoder applied the pesticide chemicals in a manner inconsistent with the chemicals' label and instructions in violation of several federal and state regulations including 7 U.S.C. § 136j(a)(2)(g), 14 CFR § 137.39, and Mich. Admin. Code R 285.637.4(a).

34.    Defendant Nick Yoder failed to apply the pesticide in a manner that prevented off-target discharge of pesticides in violation of Mich. Admin. Code R. 285.637.4(b).

35.    Defendant Nick Yoder applied pesticides in a manner that created a hazard to persons on the property surface, including Mr. Nichols, in violation of 14 CFR § 137.37 and Mich. Admin. Code R. 285.637(4)(k).

36.    Defendant Nick Yoder applied pesticides without proper weather conditions in violation of Mich. Admin. Code R. 285.637.4(i), and failed to use precautionary measures in sensitive areas, i.e., where humans like Mr. Nichols were working outdoors in violation of Mich. Admin. Code R. 285.637.4(j).

37.    Defendant Nick Yoder failed to gather necessary information regarding the conditions on the ground, and failed to cancel and/or delay the spraying of pesticides until the area was clear of all known field workers.

38.    Defendant Nick Yoder acted negligently and with reckless disregard when he sprayed chemical pesticides on Plaintiff and caused him to sustain severe and permanent personal injuries.

39.    Defendant Nick Yoder's gross negligence and reckless disregard in the application of chemical pesticides directly and proximately caused significant and permanent injuries to Plaintiff and his respiratory system, including but not limited to dysfunctional breathing, severe asthma, restrictive airway breathing, and frequent use of an inhaler, nebulizer, and steroid treatment.

40.    Defendant Nick Yoder is also liable to Plaintiff for his damages alleged herein pursuant to the doctrine of res ipsa loquitur.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor and against Defendants and award compensatory damages of at least $75,000,000.00, plus costs, interest, and actual attorney fees.

## COUNT II
## STRICT LIABILITY
## AGAINST DEFENDANT NICK YODER

41.    Plaintiff incorporates herein all the prior allegations.

42.    Defendant Nick Yoder was engaged in an abnormally dangerous activity when he sprayed pesticide chemicals from an aircraft in an area where people were seen working on the ground below.

43.    Defendant knew or should have known of the high degree of risk attendant with the spraying of aerial pesticides, especially near people on the ground.

44.    Defendant knew of should have known that spraying of aerial pesticides could threaten the health of people on the ground.

8

45.    Defendant Nick Yoder is strictly liable to Plaintiff for all damages resulting from Defendant's abnormally dangerous activity, including but not limited to Plaintiff's permanent respiratory injuries.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor and against Defendants and award compensatory damages of at least $75,000,000.00, plus costs, interest, and actual attorney fees.

### COUNT III
### VICARIOUS LIABILITY AGAINST DEFENDANT NICK'S FLYING SERVICES

46.    Plaintiff incorporates herein all the prior allegations.

47.    On August 3, 2023, Defendant Nick Yoder was acting in the course and scope of his employment with Defendant Nick's Flying Services, when he negligently and with reckless disregard sprayed chemical pesticides on and/or near Plaintiff causing him to sustain severe and permanent personal injuries.

48.    Defendant, Nick's Flying Services, is vicariously liable under the doctrine of respondeat superior for the acts or omissions of Defendant, Nick Yoder, in that it employed Defendant, Nick Yoder, and therefore is responsible for all injuries arising from the negligence and/or gross negligence occurring within the course and scope of his employment as described in this Complaint, including but not limited to Plaintiff's permanent respiratory injuries.

9

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor and against Defendants and award compensatory damages of at least $75,000,000.00, plus costs, interest, and actual attorney fees.

## COUNT IV
## STRICT LIABILITY AGAINST DEFENDANT NICK'S FLYING SERVICES

49.    Plaintiff incorporates herein all the prior allegations.

50.    Defendant Nick's Flying Service Inc. employed Defendant Nick Yoder to engage in an inherently dangerous activity and is liable for Defendant Yoder's failure to exercise reasonable care.

51.    Defendant knew or should have known of the high degree of risk attendant with the spraying of aerial pesticides, especially near people on the ground.

52.    Defendant knew of should have known that spraying of aerial pesticides could threaten the health of people on the ground.

53.    Defendant Nick's Flying Service Inc. is strictly liable to Plaintiff for all damages resulting from Defendant's abnormally dangerous activity, including but not limited to Plaintiff's permanent respiratory injuries.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor and against Defendants and award compensatory damages of at least $75,000,000.00, plus costs, interest, and actual attorney fees.

## COUNT V
## NEGLIGENCE AGAINST DEFENDANT NICK'S FLYING SERVICE INC.

54.    Plaintiff incorporates herein all the prior allegations.

55.    Defendant Nick's Flying Services, as a licensed pesticide applicator in the State of Michigan, owed a duty to Plaintiff to apply pesticides properly in a manner that conformed to applicable laws and industry standards and in a manner which was safe to the neighboring properties.

56.    Defendant Nick's Flying Services owed Plaintiff and others similarly situated the duty of due and reasonable care in its hiring, training, supervision of its employees of Nick's Flying Services, including Defendant Nick Yoder.

57.    Defendant Nick's Flying Services knew, had reason to know or should have known, that Defendant, Nick Yoder, had exhibited dangerous and reckless conduct in the inherently dangerous activity of aerial pesticide spraying, and that he would be likely to spray the pesticides in an unsafe manner involving unreasonable risk of physical harm to individuals on the ground.

58.    Defendant Nick's Flying Services knew or had reason to know or should have known that by hiring and entrusting Defendant with an inherently dangerous activity of aerial pesticide spraying, his engagement in said activity could involve the risk of physical harm to others.

11

59.   Despite this knowledge, Defendant Nick's Flying Service permitted Defendant Nick Yoder to engage in an inherently dangerous activity without proper training and supervision.

60.   Defendant Nick's Flying Services, through its employees and agents, failed to gather necessary information regarding the conditions on the ground, failed to cancel and/or delay the spraying of pesticides until the area was clear of all field workers, and failed to ensure the flight plan was followed and pesticides used according to Michigan law.

61.   The acts and omissions of Defendant, Nick's Flying Service and/or Defendant, Nick Yoder, caused Plaintiff's injuries.

62.   Defendant Nick's Flying Services is also liable to Plaintiff for his damages alleged herein pursuant to the doctrine of res ipsa loquitur.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor and against Defendants and award compensatory damages of at least $75,000,000.00, plus costs, interest, and actual attorney fees.

## <u>COUNT VI</u>
## <u>NEGLIGENCE AGAINST DEFENDANT NUTRIEN AG SOLUTIONS INC.</u>

63.   Plaintiff incorporates herein all the prior allegations.

64.   Defendant Nutrien AG Solutions Inc., as a licensed pesticide applicator in the State of Michigan, owed a duty to Plaintiff to apply pesticides in a manner that

conformed to applicable laws and industry standards and in a manner which was safe to the neighboring properties.

65.    Defendant Nutrien AG Solutions Inc. owed a duty to Plaintiff to exercise reasonable care to protect him and others similarly situated from dangers associated with aerial application of chemical pesticides of which Defendant knew or reasonably should have known.

66.    Defendant Nutrien AG Solutions Inc. contracted with Defendant Yoder and Defendant Nick's Flying Services Inc. to perform an inherently dangerous activity and thereby contributed to Plaintiff's injuries.

67.    Defendant Nutrien AG Solutions Inc., through its employees and agents, failed to supply and/or provided improper delivery coordinates and application instructions to Defendant Yoder and thereby contributed to Plaintiff's injuries.

68.    Defendant Nutrien AG Solutions Inc., through its employees and agents, failed to gather necessary information regarding the conditions on the ground, failed to cancel and/or delay the spraying of pesticides until the area was clear of all field workers, and failed to ensure the flight plan was followed and pesticides used according to Michigan law.

69.    Defendant Nutrien AG Solutions Inc. is liable for the negligence of Defendant Nick Yoder and Defendant Nick's Flying Services because Defendant

13

Nutrien AG Solutions Inc. contracted with Defendants to perform an inherently dangerous activity that caused severe injury to Plaintiff.

70.    The acts and omissions of Defendant, Nutrien AG Solutions, Inc. was a proximate cause of Plaintiff's injuries, including but not limited to Plaintiff's permanent respiratory injuries.

71.    Defendant Nutrien AG Solutions Inc. is also liable to Plaintiff for his damages alleged herein pursuant to the doctrine of res ipsa loquitur.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor and against Defendants and award compensatory damages of at least $75,000,000.00, plus costs, interest, and actual attorney fees.

## COUNT VII
## STRICT LIABILITY FOR INHERENTLY DANGEROUS ACTIVITY
## AGAINST DEFENDANT NUTRIEN AG SOLUTIONS INC.

72.    Plaintiff incorporates herein all the prior allegations.

73.    Defendant Nutrien AG Solutions Inc. employed Defendant Nick's Flying Service and Defendant Nick Yoder to engage in an inherently dangerous activity and is liable for Defendant Yoder's failure to exercise reasonable care.

74.    Defendant knew or should have known of the high degree of risk attendant with the spraying of aerial pesticides, especially near people on the ground.

75.    Defendant knew of should have known that spraying of aerial pesticides could threaten the health of people on the ground.

14

76.     Defendant Nutrien AG Solutions Inc. is strictly liable to Plaintiff for all damages resulting from Defendant's abnormally dangerous activity, including Plaintiff's permanent respiratory injuries.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor and against Defendants and award compensatory damages of at least $75,000,000.00, plus costs, interest, and actual attorney fees.

## COUNT VIII
## NEGLIGENCE AGAINST DEFENDANT SCOTT SIMINGTON

77.     Plaintiff incorporates herein all the prior allegations.

78.     Defendant, Scott Simington, operated, managed, maintained, supervised, controlled and/or owned the property at 865 Marshall Road, Coldwater, Michigan, and was responsible for ordering pesticides to be aerially sprayed on the subject property.

79.     The aerial spraying of pesticides is a dangerous activity that created a dangerous condition on Defendant's property on August 3, 2023.

80.     Defendant had a duty to exercise due care and caution to prevent the dangerous condition from spreading to other properties.

81.     Defendant negligently, carelessly, and recklessly failed to prevent the dangerous condition from spreading and entering neighboring properties.

82.     Plaintiff, at all times relevant, was lawfully upon the neighboring premises working in the course and scope of his employment for Barton Malow.

15

83.    The acts and omissions of Defendant, Scott Simington, was a proximate cause of Plaintiff's injuries, including but not limited to Plaintiff's permanent respiratory injuries.

84.    Defendant Scott Simington is also liable to Plaintiff for his damages alleged herein pursuant to the doctrine of res ipsa loquitur.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor and against Defendants and award compensatory damages of at least $75,000,000.00, plus costs, interest, and actual attorney fees.

## COUNT IX
## STRICT LIABILITY FOR INHERENTLY DANGEROUS ACTIVITY AGAINST DEFENDANT SCOTT SIMINGTON

85.    Plaintiff incorporates herein all the prior allegations.

86.    Defendant Scott Simington employed Defendant Nutrien AG Solutions Inc. to engage in an inherently dangerous activity and is liable for Defendants' failure to exercise reasonable care.

87.    Defendant knew or should have known of the high degree of risk attendant with the spraying of aerial pesticides, especially near people on the ground.

88.    Defendant knew of should have known that spraying of aerial pesticides could threaten the health of people on the ground.

89.    Defendant Simington is strictly liable to Plaintiff for all damages resulting from Defendant's abnormally dangerous activity, including Plaintiff's permanent respiratory injuries.

90.    Defendant Simington is also liable to Plaintiff for his damages alleged herein pursuant to the doctrine of res ipsa loquitur.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor and against Defendants and award compensatory damages of at least $75,000,000.00, plus costs, interest, and actual attorney fees.

## COUNT X
## NEGLIGENCE AGAINST DEFENDANTS SUSAN KAY OLDS AND THE RONALD E. OLDS AND SUSAN K. OLDS FAMILY LIVING TRUST

91.    Plaintiff incorporates herein all the prior allegations.

92.    Defendants, Susan Kay Olds and the Ronald E. Olds and Susan K. Olds Family Living Trust operated, managed, maintained, supervised, controlled and/or owned the property at 865 Marshall Road, Coldwater, Michigan, and was responsible for ordering pesticides to be aerially sprayed on the subject property.

93.    The aerial spraying of pesticides is a dangerous activity that created a dangerous condition on Defendants' property on August 3, 2023.

94.    Defendants had a duty to exercise due care and caution to prevent the dangerous condition from spreading to other properties.

17

95.    Defendants negligently, carelessly, and recklessly failed to prevent the dangerous condition from spreading and entering neighboring properties.

96.    Plaintiff, at all times relevant, was lawfully upon the neighboring premises working in the course and scope of his employment for Barton Malow.

97.    The acts and omissions of Defendants, Susan Kay Olds and the Ronald E. Olds and Susan K. Olds Family Living Trust, was a proximate cause of Plaintiff's injuries, including but not limited to Plaintiff's permanent respiratory injuries.

98.    Defendants Susan Kay Olds and the Ronald E. Olds and Susan K. Olds Family Living Trust are also liable to Plaintiff for his damages alleged herein pursuant to the doctrine of res ipsa loquitur.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor and against Defendants and award compensatory damages of at least $75,000,000.00, plus costs, interest, and actual attorney fees.

## COUNT XI
## STRICT LIABILITY AGAINST DEFENDANTS SUSAN KAY OLDS AND THE RONALD E. OLDS AND SUSAN K. OLDS FAMILY LIVING TRUST

99.    Plaintiff incorporates herein all the prior allegations.

100.  Defendants Susan Kay Olds and the Ronald E. Olds and Susan K. Olds Family Living Trust employed Defendant Nutrien AG Solutions Inc. to engage in an inherently dangerous activity and are liable for Defendants' failure to exercise reasonable care.

101. Defendants knew or should have known of the high degree of risk attendant with the spraying of aerial pesticides, especially near people on the ground.

102. Defendants knew of should have known that spraying of aerial pesticides could threaten the health of people on the ground.

103. Defendants are strictly liable to Plaintiff for all damages resulting from Defendant's abnormally dangerous activity, including Plaintiff's permanent respiratory injuries.

104. Defendants are also liable to Plaintiff for his damages alleged herein pursuant to the doctrine of res ipsa loquitur.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor and against Defendants and award compensatory damages of at least $75,000,000.00, plus costs, interest, and actual attorney fees.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, PATRICK NICHOLS, demands judgment and prays for the following relief, jointly and severally, against all Defendants:

a. Full and fair compensatory damages of at least $75,000,000.00;

b. Reasonable attorney's fees and costs of this action; and

c. Any such other relief as appears just and proper.

Respectfully submitted,

**MIKE MORSE LAW FIRM, PLLC**

19

Attorneys for Plaintiff

*/s/Madeline M. Sinkovich*

Madeline M. Sinkovich P-82846
24901 Northwestern Highway, Suite 700
Southfield, MI  48075-1816
(248) 350-9050
Madeline.sinkovich@855mikewins.com

Dated:     April 1, 2025

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury of all triable issues, per Fed. R. Civ. P. 38(b).

Respectfully submitted,

**MIKE MORSE LAW FIRM, PLLC**

Attorneys for Plaintiff

*/s/Madeline M. Sinkovich*
Madeline M. Sinkovich P-82846
24901 Northwestern Highway, Suite 700
Southfield, MI  48075-1816
(248) 350-9050
Madeline.sinkovich@855mikewins.com

Dated:    April 1, 2025